UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIFFORD GROUP, INC. d/b/a JUST PLASTICS f/k/a JUST PLASTICS INC., | JUDGE KOELTL |
| Plaintiff, | CIVIL ACTION |
| v. | Civil Action No. _____ |
| ARKEMA INC., | '07 CIV 6243 |
| Defendant. | RECEIVED JUL 06 2007 U.S.D.C. S.D.N.Y. CASHIERS |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT defendant Arkema Inc. (hereinafter "Arkema" or "Defendant"), by and through its undersigned counsel, Buchanan Ingersoll & Rooney PC, hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Southern District of New York, from the Supreme Court of the State of New York, County of New York, where it is now pending, as provided by 28 U.S.C. §§ 1332, 1441, and 1446.

The grounds for removal to the United States District Court for the Southern District of New York are as follows:

1. Plaintiff Gifford Group, Inc. d/b/a Just Plastics f/k/a Just Plastics Inc. (hereinafter "Just Plastics" or "Plaintiff") commenced this civil action against Arkema by filing a Summons and Verified Complaint in the Supreme Court of New York, New York County, captioned *Gifford Group, Inc. (d/b/a Just Plastics f/k/a Just Plastics Inc.) v. Arkema Inc.*, Index No. 601807-2007. A true and correct copy of the Verified Complaint served on Arkema is attached hereto as Exhibit "A."

2. Upon information and belief, Plaintiff's Verified Complaint was filed on May 30, 2007.

3. Arkema received formal notice of the above-captioned lawsuit on June 11, 2007, when it was served a copy of Plaintiff's Verified Complaint through its registered agent for service of process, CT Corporation.

4. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court by Arkema pursuant to 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. Upon information and belief, Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Massachusetts.

6. Plaintiff maintains its principal place of business in New York, New York. *See* Exhibit "A," ¶ 1.

7. Arkema is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and maintains its principal place of business in Philadelphia, Pennsylvania.

8. Thus, Plaintiff and Defendant are citizens of different states for purposes of the Court's diversity jurisdiction.

9. In Counts One through Four of the Verified Complaint, Plaintiff seeks $1,000,000 in damages against Arkema.

10. Thus, the matter in controversy exceeds $75,000, exclusive of interest and costs.

11. This Notice is timely filed pursuant to 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days after the date on which Arkema was served with the Verified Complaint

– the initial pleading served on Arkema setting forth the claims on which the action is based. *See Murphy Brothers, Inc. v. Michetti Pipestringing, Inc.*, 526 U.S. 244 (1999).

12. Arkema will give prompt written notice to Plaintiff of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

13. Arkema will promptly file a true and correct copy of this Notice of Removal with the Clerk for the Supreme Court of New York, New York County, as is required by 28 U.S.C. § 1446(d).

14. By removing the above-captioned case to this Court, Arkema does not waive any of the defenses available to it, but, on the contrary, preserves each and every one of those defenses.

15. Arkema attaches hereto as Exhibit "A" the Verified Complaint, which is the only pleading that has been served on Arkema in the state court action, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Arkema Inc. respectfully requests that the action now pending against it in the Supreme Court of New York, New York County, be removed therefrom and proceed in this Court as an action properly removed to it.

Dated: New York, NY
July 6, 2007

<div style="text-align: right;">

BUCHANAN INGERSOLL & ROONEY PC

By: _/s/ Ryan P. Farley_
Ryan P. Farley (RF-6984)

One Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1412
(212) 440-4400 - Telephone
(212) 440-4401 - Fax

Steven E. Bizar (SB-1660)
Meredith Myers LeConey (of counsel)
1835 Market St., 14th Floor
Philadelphia, PA 19103
T: (215) 665-8700
F: (215) 665-8760

*Attorneys for Defendant Arkema Inc.*

</div>

To:  Barry J. Glickman, Esquire
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, NY 10022

*Attorneys for Plaintiff
Gifford Group Inc. d/b/a Just Plastics
f/k/a Just Plastics Inc.*

# EXHIBIT A

Case 1:07-cv-06243-JGK   Document 1   Filed 07/06/2007   Page 5 of 19

State of New York - Department of State
Division of Corporations

Plaintiff/Petitioner:
GIFFORD GROUP, INC.

Party Served:
ARKEMA INC.

C/O CORPORATION SERVIE COMPANY
80 STATE ST
ALBANY, NY 12207-2543

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 06/07/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT: NEW YORK COUNTY

| | |
|---|---|
| GIFFORD GROUP, INC. d/b/a<br>JUST PLASTICS f/k/a JUST PLASTICS INC.,<br><br>                              Plaintiff,<br><br>       - against -<br><br>ARKEMA INC.,<br><br>                              Defendant. | Index No.: 60/807/07<br><br>**SUMMONS**<br><br>Plaintiff designates New York County as the place of trial based upon plaintiff's place of business, located at<br>250 Deskman Street,<br>New York, New York |

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
        May 29, 2007

NEW YORK
COUNTY CLERK'S OFFICE

MAY 30 2007

NOT COMPARED
WITH COPY FILE

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Barry J. Glickman, Esq.
Attorneys for Plaintiff
Gifford Group Inc. d/b/a Just Plastics
  f/k/a Just Plastics Inc.
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

TO:  ARKEMA INC.
     2000 Market Street
     Philadelphia, Pennsylvania 19103

SUPREME COURT: NEW YORK COUNTY

| | |
|---|---|
| GIFFORD GROUP, INC. d/b/a<br>JUST PLASTICS f/k/a JUST PLASTICS INC., | Index No.: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| - against - | |
| ARKEMA INC., | |
| Defendant. | |

Plaintiff Gifford Group, Inc. d/b/a Just Plastics f/k/a Just Plastics Inc. ("Just Plastics"), by its attorneys, Zeichner Ellman & Krause LLP, for its verified complaint, alleges, upon information and belief, as follows:

## PARTIES

1. Just Plastics is a foreign corporation authorized to conduct business in the State of New York with a place of business located at 250 Dyckman Street, New York, New York 10034.

2. Arkema Inc. is a foreign corporation organized and existing under the laws of the Commonwealth of Pennsylvania and authorized to conduct business in the State of New York.

## FIRST CAUSE OF ACTION

3. At all times relevant and material hereto, defendant has conducted continuous and substantial business in the State of New York.

4. Defendant is and at all relevant times has been engaged in the business of manufacturing, designing, fabricating, distributing and/or selling Plexiglas® G acrylic sheets.

5. Defendant acted through its duly authorized agents, servants and employees including, without limitation, Laird Plastics, Inc. ("Laird"), who were acting in the course and scope of their employment and in furtherance of the business of defendant and who caused Plexiglas® G acrylic sheets to be sold and placed in the stream of commerce.

6. Plaintiff is and at all relevant times has been engaged in the business of manufacturing, distributing and/or selling, inter alia, customized, high quality plastic museum exhibit cases, or vitrines.

7. Commencing in or about February 2006 Just Plastics purchased from Laird not less than 77 .220 x 72 x 96 clear cast Plexiglas® G acrylic sheets manufactured by defendant (collectively, the "Defective Plexiglas®").

8. Plaintiff purchased the Defective Plexiglas® for the express purpose of fabricating vitrines (the "Vitrines"), for its customer R.H. Guest Incorporated ("Guest") for further delivery and display at the Toledo Museum.

9. Just Plastics purchased the Defective Plexiglas® specifically so it could fabricate clear, colorless vitrines for its client.

10. Following delivery of the Vitrines, in or about July, 2006 the Toledo Museum refused to accept the Vitrines because the panels that were intended to be clear were materially defective because they were discolored and, in any case decidedly not colorless.

11. As a result of defendant's negligence in manufacturing and distributing the Defective Plexiglas®, Just Plastics was required to rebuild the Vitrines and replace the Defective Plexiglas® on an emergency basis with acrylic sheets from other sources, at a huge expense in the cost of materials, factory costs, shipping and labor, much of which was overtime due to the time constraints in providing a finished product to the Toledo Museum.

12. Not surprisingly, Just Plastics could not and did not pass along to Guest and/or the Toledo Museum the added costs attendant to refabricating the Vitrines because of the Defective Plexiglas®.

13. Immediately after it learned about the Defective Plexiglas®, Just Plastics gave Laird and, hence, defendant notice of such condition with the expectation that defendant would rectify its error and fully reimburse it in an amount equal to the damages it sustained as a result of defendant having ruined the Vitrines.

14. As a result, defendant's Chicago representative, Jim Litkovitz, visited the Toledo Museum for the express purpose of inspecting the Vitrines.

15. Upon reviewing the Defective Plexiglas®, Mr. Litkovitz, on defendant's behalf, admitted that the Defective Colorless was not colorless as defendant represented it should have been and that it was, indeed, defective.

16. Following Mr. Litkovitz' trip to the Toledo Museum, Laird advised an officer of plaintiff that Arkema would reimburse it for the cost of the material necessary to replace the Defective Plexiglas®.

17. Due to the extraordinary labor, factory costs and shipping costs incurred in connection with the remanufacture of the Vitrines, Just Plastics advised defendant that such offer was unacceptable and, instead, sought payment in an amount that recognized such unreimbursed out-of-pocket expenses together with damages to its impeccable reputation for workmanship in a relatively small industry.

18. Defendant ignored and failed to respond to Just Plastic's request.

19. By letters dated September 13, 2006 and October 9, 2006, Just Plastics restated its interest in resolving the dispute amicably.

20. Again, defendant was characteristically silent and ignored Just Plastics' overtures.

21. Despite repeated telephone messages left for defendant's representative, Craig Saunders, defendant effectively ignored Just Plastics and never made any effort to resolve this matter.

22. By reason of the foregoing Just Plastics has been damaged in the sum of One Million ($ 1,000.000.00) Dollars.

## SECOND CAUSE OF ACTION

23. Just Plastics repeats and realleges the allegations contained in paragraphs 1 through 22.

24. Just Plastics purchased the Defective Plexiglas® that was manufactured, designed, distributed, sold and/or placed into the stream of Commerce by defendant for use in fabricating precisely the type of display cases and/or vitrines that Just Plastics manufactured with such material.

25. The Defective Plexiglas® was defective and in a defective condition at the time it left the hands of defendant.

26. Due to defective design and/or manufacturing defects, the Defective Plexiglas® left the hands of defendant in a defective condition not reasonably fit for the purposes and uses for which it was intended at the time it was sold and/or distributed by defendant. In particular, the Defective Plexiglas® was defective because it was not colorless, as defendant held it out to be, and, thus, unusable for the purpose for which it was intended.

27. At the time the Defective Plexiglas® left defendant's control, defendant knew and/or should have known that it was not fit for use in the manner that

it was intended or could have been reasonably anticipated. Despite this knowledge, defendants failed to remediate such defective condition and/or notify or warn Just Plastics regarding such defective condition.

28. This failure was the proximate and producing cause of the damages Just Plastics has sustained.

29. Defendant is engaged in the business of manufacturing, distributing, and/or selling Plexiglas® G acrylic sheets. The Defective Plexiglas® was not substantially changed in condition from the time that it left the hands of defendant until it reached the hands of Just Plastics. The Defective Plexiglas® was subjected to its foreseeable and intended use by Just Plastics.

30. By reason of the foregoing Just Plastics has been damaged in the sum of One Million ($ 1,000.000.00) Dollars.

### THIRD CAUSE OF ACTION

31. Just Plastics repeats and realleges the allegations contained in paragraphs 1 through 30.

32. Defendant impliedly warranted that the Defective Plexiglas® was of good and merchantable quality and fit for its intended use.

33. The purpose for which plaintiff utilized the Defective Plexiglas® was within the scope of its intended use, which use was known or should have been anticipated by defendant.

34. Defendant's implied warranties that the Defective Plexiglas® was of good and merchantable quality and was fit for its particular purpose were breached in that the ordinary and foreseeable use of the Defective Plexiglas® resulted in damage to Just Plastics because in not being colorless, as it was supposed to be, it ruined the aesthetic quality of the Vitrines, causing the Toledo Museum to refuse accept delivery of them.

35. Defendant's implied warranty that the Defective Plexiglas® was of good and merchantable quality was further breached in that it was not fit for the ordinary purpose for which such Plexiglas® G acrylic sheets are routinely used.

36. Defendant's breach of implied warranties described above directly and proximately caused Just Plastics' damages.

37. By reason of the foregoing Just Plastics has been damaged in the sum of One Million ($ 1,000.000.00) Dollars.

## FOURTH CAUSE OF ACTION

38. Just Plastics repeats and realleges the allegations contained in paragraphs 1 through 37.

7

39. In the course of its business and in furtherance of its pecuniary interests, defendant made false representations regarding the colorless quality of the Defective Plexiglas®.

40. Defendants did not exercise reasonable care in disclosing to Just Plastics the true color and/or discoloration of the Defective Plexiglas®.

41. Just Plastics reasonably, justifiably, and in good faith relied upon the false representations made by defendant regarding the colorless character of the Defective Plexiglas® It was foreseeable that Just Plastics, a highly regarded fabricator of customized products, precisely the type of product Just Plastic's manufactured for the Toledo Museum, would rely upon the information and representations provided by defendant concerning the colorless quality of the Defective Plexiglas® and, hence, its fitness for the purpose for which it was intended.

42. As a direct and proximate result of its reliance on defendant's false representations, Just Plastics has sustained pecuniary loss and other damages, including out-of-pocket and to its business reputation.

43. By reason of the foregoing Just Plastics has been damaged in the sum of One Million ($ 1,000.000.00) Dollars.


WHEREFORE, Just Plastics demands judgment against defendant as follows:

(a) On the first cause of action against defendant in the sum of $1,000,000., plus interest, costs and expenses, including attorneys' fees;

(b) On the second cause of action against defendant in the sum of $1,000,000., plus interest, costs and expenses, including attorneys' fees;

(c) On the third cause of action against defendant in the sum of $1,000,000., plus interest, costs and expenses, including attorneys' fees;

(d) On the fourth cause of action against defendant in the sum of $1,000,000., plus interest, costs and expenses, including attorneys' fees; and

(e) For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
May 29, 2007

ZEICHNER ELLMAN & KRAUSE LLP

By: *[signature]*
Barry J. Glickman, Esq.
Attorneys for Plaintiff
Gifford Group Inc. d/b/a Just Plastics
f/k/a Just Plastics Inc.
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

## VERIFICATION

STATE OF NEW YORK,
COUNTY OF NEW YORK.

Lois Vermann, being duly sworn, says that she is the Vice President of Gifford Group, Inc. d/b/a Just Plastics f/k/a Just Plastics Inc, the plaintiff named in the foregoing Verified Complaint, that she has read the foregoing Verified Complaint, and that the Verified Complaint is true to her own knowledge, except as to those matters therein alleged upon information and belief, and that as to those matters she believes them to be true.

_____
LOIS VERMANN

Sworn to before me this
29th day of May, 2007

_____
Notary Public

SALVATORE PAGANO
Notary Public, State of New York
No. 01PA5015639
Qualified in Westchester County
Commission Expires July 26, 2009

501432.01/2005-999/BJG

SUPREME COURT: NEW YORK COUNTY                    Index No.: 601807/07

GIFFORD GROUP, INC. d/b/a
JUST PLASTICS f/k/a JUST PLASTICS
INC.,

                                      Plaintiff,

    - against -

ARKEMA INC.,

                                    Defendant.

### SUMMONS AND VERIFIED COMPLAINT

ZEICHNER ELLMAN & KRAUSE LLP
575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
TEL: (212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

UNITED STATES POSTAGE
02 1A $0
0004374734 JUN
MAILED FROM ZIP CODE

Sender

New York State Department of State
41 State Street
Albany, NY 12231

**Receipt # 200706070216**

PS Form 3800, 6/02

**CERTIFIED MAIL**

7111 5495 5583 1550 6623

**RETURN RECEIPT REQUESTED**

Article Addressed To:

ARKEMA INC.
C/O CORPORATION SERVIE COMPANY
80 STATE ST
ALBANY, NY 12207-2543

USA/CERTIFIED mailer system
Patents 5,573,277 * 5,697,648 * 5,848,809
3-UP Laser Form USA CMP-073 2/05

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( ☐ Addressee or ☐ Agent)

X

B. Received By: *(Please Print Clearly)*

C. Date of Delivery

D. Addressee's Address *(If Different From Address Used by Sender.)*

Secondary Address / Suite / Apt. / Floor *(Please Print Clearly)*

Delivery Address

City State ZIP + 4 Code

ALBANY, NY 12207-2543

Dear Sir/Madam:
Enclosed herewith is a legal document which

DEPARTMENT OF STATE
UNIFORM COMMERCIAL CODE
41 STATE STREET
ALBANY, NY 12231-0001
DOS-1248 (11/96)