IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIFFORD GROUP, INC. d/b/a JUST PLASTICS f/k/a JUST PLASTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARKEMA INC.,<br><br>Defendant. | CIVIL ACTION<br><br>Docket No. 07-CV-6243 (JGK) |

**DEFENDANT ARKEMA INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

## TABLE OF CONTENTS


INTRODUCTION ..... 1

FACTS AS ALLEGED IN THE COMPLAINT ..... 3

ARGUMENT ..... 5

I. STANDARD OF REVIEW ..... 5

II. NEW YORK'S WELL-SETTLED "ECONOMIC LOSS RULE" BARS JUST PLASTICS' NEGLIGENCE CLAIM (COUNT I) AND STRICT PRODUCT LIABILITY/DEFECTIVE DESIGN-MANUFACTURE CLAIM (COUNT II) ..... 6

III. LACK OF PRIVITY BETWEEN JUST PLASTICS AND ARKEMA, AND/OR LACK OF AN AGENCY RELATIONSHIP BETWEEN LAIRD AND ARKEMA, BARS JUST PLASTICS' CLAIM AGAINST ARKEMA FOR BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE (COUNT III) ..... 9

A. Lack of Privity Between Plaintiff and Defendant Bars the Warranty Claim ..... 9

B. The Complaint Fails to Allege Facts to Support a Claim of Agency ..... 10

IV. LACK OF REPRESENTATIONS MADE BY ARKEMA DIRECTLY TO JUST PLASTICS, LACK OF DUTY OWED BY ARKEMA TO JUST PLASTICS, AND LACK OF PRIVITY BETWEEN ARKEMA AND JUST PLASTICS BARS JUST PLASTICS' CLAIM FOR MISREPRESENTATION (COUNT IV) ..... 12

A. Arkema Made No Direct Representations to Just Plastics ..... 12

B. A Lack of Privity, Or Some Special Relationship That Gives Rise to a Duty, Bars Just Plastics' Misrepresentation Claim ..... 13

CONCLUSION ..... 15

# TABLE OF AUTHORITIES

## Cases

*Amin Realty, LLC v. K & R Constr. Corp.*, 762 N.Y.S. 2d 92 (N.Y. App. Div. 2003) ........ 7

*Atlas Air, Inc. v. Gen. Elec. Co.*, 791 N.Y.S.2d 620 (N.Y. App. Div. 2005)........ 7

*Bangkok Crafts Corp. v. Capitolo De San Pietro In Vaticano*, No. 03 Civ. 15, 2007 WL 1687044, at *7, (S.D.N.Y. June 11, 2007)........ 13

*Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007)........ 3, 5, 6, 10

*Cabrera v. Kakabovitz*, 24 F.3d 372 (2d Cir. 1994) ........ 11

*Catalano v. Heraeus Kulzer, Inc.*, 759 N.Y.S.2d 159 (N.Y. App. Div. 2003) ........ 7

*Christensen v. Fashion-Fain Homes, Inc.*, No. 05 Civ. 258, 2005 WL 3440824 (N.Y. App. Div. 2005) ........ 7

*Citibank, N.A. v. Itochu Int'l Inc.*, No. 01 Civ. 6007, 2003 WL 1797847, at *1 (S.D.N.Y. April 4, 2003)........ 6

*Conley v. Gibson*, 255 U.S. 41 (1957) ........ 6

*County of Suffolk v. Long Island Lighting Co.*, 728 F.2d 52 (2d Cir. 1984)........ 6, 9, 12

*Goldman v. Belden*, 754 F.2d 1059 (2d Cir. 1985)........ 5

*Greater New York Auto. Dealers Ass'n v. Env. Sys. Testing, Inc.*, 211 F.R.D. 71 (E.D.N.Y. 2002)........ 8

*Hubbard v. Gen. Motors Corp.*, 1996 WL 274018, at *5 (S.D.N.Y. 1996) ........ 9

*Iqbal v. Hasty*, ___ F. 3d ___, No. 05 Civ. 5769, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007) ........ 5, 6, 10

*Kelly v. LaSalle Bank Corp.*, No. 06 Civ. 4799, 2007 WL 1290598, at *2 (S.D.N.Y. May 2, 2007) ........ 6, 10

*Long Island Lighting Co. v. Transamerica Delaval, Inc.*, 646 F. Supp. 1442 (S.D.N.Y. 1986) ........ 7

*New York v. Gen. Motors Corp.*, 466 N.Y.S.2d 124 (N.Y. App. Div. 1983) ........ 9

*Paul T. Freund Corp. v. Commonwealth Packing Co.*, 288 F. Supp. 2d 357 (W.D.N.Y. 2003) ........ 10

*Rosen v. Hyundai Group (Korea)*, 829 F. Supp. 41 (E.D.N.Y. 1993) ........ 9

*Shop Vac Corp. v. BCL Magnetics Ltd.*, No. 04 Civ. 262, 2005 WL 2739161 (N.D.N.Y. Oct. 24, 2005) ........ 7

*Smith v. Mitlof*, 198 F. Supp. 2d 492 ........ 11

*St. Patrick's Home for the Aged and Infirm v. Laticrete Int'l, Inc.*, 696 N.Y.S. 2d 117 (N.Y. App. Div. 1999) ........ 12, 13, 14

*Weiss v. Polymer Plastics Corp.*, 802 N.Y.S.2d 174 (N.Y. App. Div. 2005) ........ 7

**Rules**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ........ 1, 3, 5

**Other Authorities**

2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed. 1997) ........ 11

Defendant Arkema Inc. ("Arkema") respectfully submits this memorandum of law in support of its motion to dismiss all claims brought against it by plaintiff Gifford Group, Inc. d/b/a Just Plastics, f/k/a Just Plastics, Inc. ("Just Plastics"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff Just Plastics, a company that assembles acrylic sheets for museum display boxes, seeks to recover money for ***economic loss*** allegedly suffered from its purchase of "defective" acrylic sheets that Just Plastics claims Arkema placed "in the stream of commerce." Just Plastics purchased the acrylic sheets not from Arkema, but from a company called Laird Plastics, Inc. ("Laird"), who is not a party to this lawsuit. Thus, Just Plastics is the quintessential "downstream buyer" seeking to recover economic losses from the product manufacturer, with whom it had no direct contact before the sale.

Given this reality, Just Plastics has crafted a Complaint intended to overcome the fact that Just Plastics ***never*** had a contractual relationship with Arkema, and it was not until long after Just Plastics purchased the acrylic sheets that Just Plastics had any contact with Arkema at all. Despite Just Plastics' gyrations, the Complaint fails to state a claim under well-settled law. Arkema therefore moves to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Just Plastics' first tactic to overcome its lack of privity with Arkema is to assert tort claims for negligence (Count I) and strict product liability/defective design-manufacture (Count II).[1] Just Plastics' tactic fails. It has been the law of this Circuit for over twenty years that, while a personal injury plaintiff can abrogate the privity requirement to recover damages under theories

of negligence and product liability, the "economic loss rule" bars a downstream buyer like Just Plastics from recovering either economic losses to the product itself or consequential damages resulting from the alleged defect. Accordingly, Counts I and II fail to state a claim.

The remaining two counts are similarly barred because of the lack of either privity or any direct communications between Arkema and Just Plastics prior to sale or delivery of the product. In Count III, Just Plastics seeks to recover against Arkema for an alleged breach of the implied warranty of merchantability. New York law is crystal clear, however, that warranty claims – whether express or implied – are contractual in nature and require privity. The only exception to this rule is in the case of personal injury, where a downstream buyer is permitted to circumvent the privity requirement and assert a tort claim. As explained above, however, Just Plastics has not (and cannot) make that claim. To the contrary, Just Plastics' claims are for economic losses and are therefore barred by the economic loss rule.

Count IV is likewise flawed. To make a claim for misrepresentation under New York law, the downstream buyer must allege a direct statement communicated by the manufacturer. Just Plastics cleverly pleads only that Arkema "made false representations regarding the colorless quality of the Defective Plexiglas®." Complaint ¶ 40. Just Plastics does not (because it cannot) aver that Arkema made any such representations directly to Just Plastics. Indeed, in the Complaint Just Plastics admits it was a downstream purchaser of the product, having purchased the product from Laird. *See id.* at ¶ 5. Accordingly, Count IV also fails to state a claim.

Presumably to avoid the requirements of privity (for Count III) and direct communications (for Count IV), Just Plastics has attempted to plead an agency relationship between Arkema and Laird, the company from whom Just Plastics purchased the material. The

---

[1] Though Just Plastics does not explicitly label its four claims, the Complaint itself is sufficiently clear to identify the claims as described above.

Complaint, however, fails to meet the pleading standards as recently enunciated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007). As the *Twombly* Court made clear, courts are not required to accept as true a legal conclusion that is couched as a factual allegation. *Id.* at 1965. To the contrary, in setting forth their claims, plaintiffs have the obligation to provide the grounds for relief, which requires more than labels and conclusions.

Regarding a putative agency relationship between Arkema and Laird, the Complaint avers no more than the following: "Defendant [Arkema] acted through its duly authorized agents, servants and employees including, without limitation, Laird Plastics, Inc. ('Laird'). . . ." That bald legal conclusion is woefully insufficient under *Twombly*. In this case, where plaintiff hopes that an allegation of agency will save an otherwise defective claim, a plaintiff must, at a minimum, allege facts to support an agency relationship: consent, control by the principle, and absence of gain or risk by the agent. Having failed to do so, the Complaint should be dismissed.

## **FACTS AS ALLEGED IN THE COMPLAINT**[2]

Just Plastics is in the business of manufacturing, distributing, and/or selling plastic museum exhibit cases known as "vitrines." Complaint ¶ 6. It is alleged that Arkema is in the business of manufacturing, designing, fabricating, distributing, and/or selling acrylic sheets. *Id.* at ¶ 4. According to the Complaint, Laird is Arkema's agent who, "in the scope and course of [its] employment and in furtherance of the business of [Arkema]," caused the acrylic sheets at issue "to be sold and placed in the stream of commerce." *Id.* at ¶ 5. The Complaint does not, however, aver a single fact in support of that conclusion; such as, for example, whether Arkema

[2] For purposes of this Rule 12(b)(6) motion only, the facts alleged in the Complaint are assumed to be true. By re-stating Just Plastics' factual allegations, Arkema in no way admits that they are true.

had any involvement or control over the transaction, or whether Arkema consented to, controlled, or was even aware of the sale.

In or around February 2006, Just Plastics purchased ***from Laird*** acrylic sheets allegedly manufactured by Arkema. *Id.* at ¶ 7. There is no allegation of a contractual relationship between Just Plastics and Arkema. To the contrary, the Complaint makes clear that Just Plastics purchased the product from Laird, and communicated with Arkema only ***after*** Just Plastics had incorporated the acrylic sheets into its vitrines and delivered them to the end-user. *Id.* at ¶ 13. According to the Complaint, the acrylic sheets should have been "clear" and "colorless" for use by Just Plastics in manufacturing vitrines for one of its clients, and Arkema "[knew] or should have known" of Just Plastics' intended use. *Id.* at ¶¶ 8, 9, 33. The Complaint does not, however, articulate ***how*** Arkema knew or should have known of Just Plastics' intended use for the acrylic sheets when, admittedly, it had no direct contact with Arkema until ***after*** it discovered the alleged defects in the acrylic sheets.

In or around July 2006, approximately 5 months after it placed its order, Just Plastics delivered the vitrines to its client, who rejected them as "materially defective" because they were "discolored" and "not colorless." *Id.* at ¶ 10. The Complaint states that the acrylic sheets were defectively designed and/or manufactured, and also that Arkema "made false representations regarding the colorless quality" of the acrylic sheets. *Id.* at ¶¶ 11, 26, 39. The Complaint does not allege that Arkema made any representations directly to Just Plastics before the sale and/or delivery of the acrylic sheets.

The Complaint states that it immediately notified Laird "and, hence, [Arkema]" that the acrylic sheets were defective. *Id.* at ¶ 13. In addition, Just Plastics claims that it had to rebuild the vitrines on an emergency basis with acrylic sheets from other sources, which caused Just

Plastics to incur various costs and expenses that it expected Arkema to cover. *Id.* at ¶¶ 11, 13. Those costs and expenses include labor, factory and shipping costs, unreimbursed out-of-pocket expenses, and damage to business reputation. *Id.* at ¶¶ 17, 42. No personal injuries are alleged. And finally, the Complaint alleges that Arkema admitted the acrylic sheets were defective and offered to reimburse Just Plastics for the cost of materials necessary to replace it, which offer Just Plastics rejected. *Id.* at ¶¶ 15 – 17.

Based upon these factual allegations, Just Plastics raises claims against Arkema for negligence (Count I); strict product liability/defective design-manufacture (Count II); breach of implied warranty and warranty of fitness for a particular purpose (Count III); and misrepresentation (Count IV).

**ARGUMENT**

## I. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must rule on the legal sufficiency of the plaintiff's complaint. *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). A plaintiff has an "obligation to provide the 'grounds' of his 'entitlement to relief[,']" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, __ U.S. __, 127 S. Ct. at 1964-65. Indeed, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1965. Rather, "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Id.*; *see also Iqbal v. Hasty*, ___ F. 3d ___, No. 05 Civ. 5769, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007) (addressing *Twombly*, and interpreting it to mean that a pleader should "amplify a claim with some factual allegations" in cases where "such amplification is needed to render the claim *plausible*.").

In *Iqbal*, the Second Circuit noted that in *Twombly*, the Supreme Court "***explicitly disavowed*** the oft-quoted statement in *Conley v. Gibson*, 255 U.S. 41 (1957)], of 'the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (*emphasis added*). *Iqbal*, 2007 WL 1717803, at *9. To that end, "bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss." *Kelly v. LaSalle Bank Corp.*, No. 06 Civ. 4799, 2007 WL 1290598, at *2 (S.D.N.Y. May 2, 2007) (*quoting Citibank, N.A. v. Itochu Int'l Inc.*, No. 01 Civ. 6007, 2003 WL 1797847, at *1 (S.D.N.Y. April 4, 2003)).

Applying this pleading standard, and the well-settled law of New York, Arkema respectfully submits that all four causes of action that Just Plastics asserts against Arkema should be dismissed.

## II. NEW YORK'S WELL-SETTLED "ECONOMIC LOSS RULE" BARS JUST PLASTICS' NEGLIGENCE CLAIM (COUNT I) AND STRICT PRODUCT LIABILITY/DEFECTIVE DESIGN-MANUFACTURE CLAIM (COUNT II)

As a remote purchaser of allegedly defective acrylic sheets, Just Plastics asserts a claim for negligence (Count I) and strict product liability/defective design-manufacture (Count II). Both claims are barred under New York's economic loss rule.

Over twenty (20) years ago, the Second Circuit made this clear in *County of Suffolk v. Long Island Lighting Co.*, 728 F.2d 52 (2d Cir. 1984). With regard to a negligence claim by a downstream purchaser alleging a defective product, the Second Circuit stated, "New York law holds that a negligence action seeking recovery for economic loss will not lie." *Id.* at 62. The Second Circuit further held that "[s]imilar reasoning applies to [plaintiff's] . . . allegations of strict liability." *Id.*

> Because the law [of strict liability] deems the manufacturer's duty great and the [personal] injury inflicted serious, it bends privity of contract requirements to allow remote purchasers to sue the manufacturer. . . . But where plaintiff's claim is simply that the product did not function properly, requiring its owner to incur costs of repair, then the only injury claimed is for economic loss, which is not sufficiently severe to warrant abrogation of the privity requirement.

*Id.* at 62-63 (*internal citations omitted*). "The rule is applicable to economic losses to the product itself as well as consequential damages resulting from the defect." *Weiss v. Polymer Plastics Corp.*, 802 N.Y.S.2d 174, 175 (N.Y. App. Div. 2005) (*internal citations omitted*); *see also Atlas Air, Inc. v. Gen. Elec. Co.*, 791 N.Y.S.2d 620, 621 (N.Y. App. Div. 2005); *Amin Realty, LLC v. K & R Constr. Corp.*, 762 N.Y.S. 2d 92, 93 (N.Y. App. Div. 2003).

The courts of New York, and federal courts sitting in diversity, have applied this "economic loss rule" consistently to the same sorts of claims as those asserted by Just Plastics. *See, e.g.*, *Long Island Lighting Co. v. Transamerica Delaval, Inc.*, 646 F. Supp. 1442 (S.D.N.Y. 1986); *Atlas Air, Inc. v. Gen. Elec. Co.*, 791 N.Y.S.2d 620, 621 (N.Y. App. Div. 2005); *Shop Vac Corp. v. BCL Magnetics Ltd.*, No. 04 Civ. 262, 2005 WL 2739161 (N.D.N.Y. Oct. 24, 2005); *Christensen v. Fashion-Fain Homes, Inc.*, No. 05 Civ. 258, 2005 WL 3440824 (N.Y. App. Div. 2005).

These courts have also held that "[d]amages for loss of professional reputation and business good will" do not constitute "personal injury or property damage" for purposes of overcoming the economic loss doctrine. *Catalano v. Heraeus Kulzer, Inc.*, 759 N.Y.S.2d 159, 161 (N.Y. App. Div. 2003) (where a plaintiff/dentist bought dental restorations from a dental lab, but sued the remote distributor of the restorations under strict products liability and breach of warranty theories, and alleged that the product caused damages to the dentist's professional reputation and business good will, the court held that the economic loss doctrine precluded the

dentist's cause of action because he suffered no personal injury or property damage as a result of the alleged failure of the restorations, and the warranty claim was barred by lack of privity between the parties); *see also Greater New York Auto. Dealers Ass'n v. Env. Sys. Testing, Inc.*, 211 F.R.D. 71, 82 (E.D.N.Y. 2002) (For purposes of applying the economic loss doctrine, "[l]oss of business and loss of good will are generally classified as 'economic damages.'" (*internal citations omitted*)).

The straightforward application of the economic loss rule to the facts alleged in Just Plastics' Complaint bars Counts I and II. Just Plastics purchased the acrylic sheets at issue from Laird (Complaint ¶ 7), who in turn obtained them from their manufacturer, Arkema (Complaint ¶ 5). In addition, as is clear throughout the Complaint, Just Plastics' alleged losses are purely economic in nature. Just Plastics claims damages for "factory costs and shipping costs incurred in connection with the re-manufacture of the vitrines, .... out-of-pocket expenses together with damages to its impeccable reputation." Complaint ¶¶ 17, 22, 42. At no place in the Complaint does Just Plastics allege any personal injury, or any losses other than those that allegedly flow from damage to the property that is the subject of the purchase. (*i.e.*, consequential damages, including costs associated with return, re-manufacture, loss of professional reputation, etc.)

Because Count I (negligence) and Count II (strict product liability/defective design-manufacture) of Just Plastics' Complaint against Arkema are barred by the economic loss rule, they must be dismissed.

## III. LACK OF PRIVITY BETWEEN JUST PLASTICS AND ARKEMA, AND/OR LACK OF AN AGENCY RELATIONSHIP BETWEEN LAIRD AND ARKEMA, BARS JUST PLASTICS' CLAIM AGAINST ARKEMA FOR BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE (COUNT III)

Just Plastics also asserts a claim against Arkema for breach of implied warranty (Count III). Because there is unquestionably no privity between Arkema and Just Plastics, Count III of the Complaint also fails to state a claim.

### A. Lack of Privity Between Plaintiff and Defendant Bars the Warranty Claim

Claims for breach of warranties are contractual in nature. *New York v. Gen. Motors Corp.*, 466 N.Y.S.2d 124, 128 (N.Y. App. Div. 1983). Therefore, absent a personal injury, privity of contract is an essential element in establishing a breach of implied warranties under New York law, including warranty of merchantability or warranty of fitness for a particular purpose. *Id.*; *see also County of Suffolk*, 728 F.2d at 63 (absent contractual privity, a party cannot succeed on a breach of warranty claim); *Hubbard v. Gen. Motors Corp.*, 1996 WL 274018, at *5 (S.D.N.Y. 1996); *Rosen v. Hyundai Group (Korea)*, 829 F. Supp. 41, 49–50 (E.D.N.Y. 1993) (only "sellers" are liable for breach of warranty under New York's Uniform Commercial Code).

It is undisputed that Arkema is not a party to any contract with Just Plastics and that no personal injuries resulted from the allegedly defective acrylic sheets. Indeed, the Complaint makes clear that Just Plastics purchased the acrylic sheets from Laird and that the alleged harm suffered is economic in nature. Complaint ¶¶ 7, 17, 42. The only exception to this privity requirement is in the case of personal injury, where a downstream buyer is permitted to circumvent the privity requirement and assert a tort claim. *See County of Suffolk,* 728 F.2d at 62–63. As explained above, however, Just Plastics has not (and cannot) make that claim. To the

contrary, Just Plastics' claims are for economic losses and are therefore barred by the economic loss rule.

Accordingly, because (1) Arkema is at least one step removed from any requisite contractual privity, (2) no contractual privity has been alleged by Just Plastics, and (3) no personal injuries resulted from the alleged defective acrylic sheets, Just Plastics cannot maintain its breach of warranty claim against Arkema.

**B. The Complaint Fails to Allege Facts to Support a Claim of Agency**

Apparently recognizing this elemental flaw in its breach of warranty claim – *i.e.*, the lack of contractual privity – Just Plastics attempts to plead the existence of an agency relationship between Arkema and Laird, the company from whom Just Plastics purchased the acrylic sheets at issue. Complaint ¶ 5. The Complaint avers nothing more than the legal conclusion of an agency relationship between Arkema and Laird, and therefore cannot survive this dismissal motion.

Under New York law, an agency relationships exists if there is, at a minimum, consent between the principle and agent, the absence of gain or risk to the agent, and control by the principle. *See Paul T. Freund Corp. v. Commonwealth Packing Co.*, 288 F. Supp. 2d 357, 373 (W.D.N.Y. 2003). "The element most essential to the demonstration of any agency relationship is that of control." *Id.* Here, Just Plastics has not even alleged the elements of agency, much less asserted facts sufficient to properly plead the elements of an agency claim. The Complaint avers only the following: "Defendant [Arkema] acted through its duly authorized agents, servants and employees including, without limitation, Laird Plastics, Inc. ('Laird'). . . ." That bald legal conclusion is woefully insufficient under *Twombly* and *Iqbal,* which have made clear that "bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss." *Kelly*, 2007 WL 1290598, at *2;

*see also Cabrera v. Kakabovitz*, 24 F.3d 372, 386 (2d Cir. 1994) ((whether facts alleged are sufficient to support a finding of agency is a question of law) ("[Plaintiffs'] burden of proof to avoid dismissal of the complaint was not to prove the agency but merely to adduce sufficient evidence to take the issue to the jury.") (*alteration in original*)); *Smith v. Mitlof*, 198 F. Supp. 2d 492, 498 ("conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss") (*quoting* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed. 1997). "Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, are insufficient as a matter of law." *Id.*

There are no allegations in the Complaint that Arkema manifested an intent that Laird was to act for it, that Laird accepted the undertaking, or that Arkema and Laird understood that Arkema was to be in control of the undertaking. In fact, ***nowhere*** in the Complaint does Just Plastics allege that Arkema exerted ***any*** control over the transaction, nor could it have. To the contrary, the Complaint is clear that Just Plastics ordered the acrylic sheets at issue from Laird, and that Arkema did not get involved until ***after*** Just Plastics delivered the vitrines to the end-user. Complaint ¶¶ 7, 13-16.

In sum, where a plaintiff like Just Plastics hopes that an allegation of agency will save an otherwise defective claim, that plaintiff must, at a minimum, aver the basic facts to support an agency relationship: consent, control by the principle, and absence of gain or risk by the agent. Having failed to do so, and unable to aver privity between Just Plastics and Arkema, Count III of the Complaint should be dismissed.

## IV. LACK OF REPRESENTATIONS MADE BY ARKEMA DIRECTLY TO JUST PLASTICS, LACK OF DUTY OWED BY ARKEMA TO JUST PLASTICS, AND LACK OF PRIVITY BETWEEN ARKEMA AND JUST PLASTICS BARS JUST PLASTICS' CLAIM FOR MISREPRESENTATION (COUNT IV)

In order to assert a claim for misrepresentation against Arkema, Just Plastics must allege and prove that Arkema made a representation ***directly*** to Just Plastics. Absent a direct representation, there must be privity between Just Plastics and Arkema, ***or*** the existence of a "special duty" owed to Just Plastics by Arkema. For the reasons described below, the Complaint has failed to aver any of these requirements; therefore, Count IV of its Complaint must be dismissed.

### A. Arkema Made No Direct Representations to Just Plastics.

Under New York law, for a remote supplier to be liable to another party for a misrepresentation, there must be "evidence of [a] representation[] ***made directly to the plaintiff***." *St. Patrick's Home for the Aged and Infirm v. Laticrete Int'l, Inc.*, 696 N.Y.S. 2d 117, 124 (N.Y. App. Div. 1999). Absent a direct statement made to the party by the remote supplier, "there [is] no reliance as a matter of law" and a negligent misrepresentation claim should be dismissed. *Id.* The Second Circuit has adopted this position; in declining to reverse the dismissal of the plaintiff's misrepresentation claim in *County of Suffolk*, the Second Circuit noted that the alleged misrepresentations were not made directly to the plaintiff. *County of Suffolk*, 728 F.2d at 63.

Although cleverly drafted to skirt the issue, a careful reading of Count IV of the Complaint reveals that there is ***no allegation*** that Arkema made the alleged "false representations" concerning the characteristics of the acrylic sheets ***directly to Just Plastics***. Instead, Just Plastics merely asserts – in conclusory fashion – that Arkema: (1) "made false representations regarding the colorless quality" of the acrylic sheets (Complaint ¶ 39), and (2)

failed to "exercise reasonable care in disclosing the true color and/or discoloration" of the acrylic sheets (*Id.* at ¶ 40).

Because Just Plastics has not alleged (nor can it allege) that Arkema – a remote supplier – made ***any*** direct statements to it concerning the "colorless quality" of the acrylic sheets at issue, its misrepresentation claim against Arkema must be dismissed.

**B. A Lack of Privity, Or Some Special Relationship That Gives Rise to a Duty, Bars Just Plastics' Misrepresentation Claim.**

In lieu of a direct representation made to Just Plastics by Arkema, Just Plastics must allege and demonstrate that it was in privity with Arkema, or that Arkema owes it a duty as a result of some "special relationship." As to privity, for the reasons described *supra* at Part III, the Complaint has alleged neither privity of contract between Arkema and Just Plastics, nor pled facts to establish the existence of an agency relationship between Arkema and Laird sufficient to overcome that privity requirement imposed by New York law.

Without privity of contract, in a commercial context, "there must be some identifiable source of a special duty of care." *Bangkok Crafts Corp. v. Capitolo De San Pietro In Vaticano*, No. 03 Civ. 15, 2007 WL 1687044, at *7 (S.D.N.Y. June 11, 2007). "[L]iability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified." *Id.*

For example, in *St. Patrick's Home for the Aged and Infirm v. Laticrete Int'l, Inc.*, a nursing home brought claims against a manufacturer of wall panels, together with the construction manager and architect on the project for, among other things, negligent misrepresentation after the wall panels started leaking. 696 N.Y.S. 2d 117. Plaintiff claimed that the manufacturer misrepresented the composition of the panels and its suitability for the job.

*Id.* at 120. The appellate court affirmed the lower court's dismissal of the plaintiff's negligent misrepresentation claim against the wall panel manufacturer, stating that "[a]s a matter of law, no special relationship existed between plaintiff and [the manufacturer] so as to impose a duty on [the wall panel manufacturer] to speak with care." *Id.* at 124. To the contrary, the court found that given the highly specialized nature of the project and sophistication of the parties, as compared with the wall panel manufacturer – "a remote materials supplier" – who did no more than deliver the wall panels to the installer, there was no duty owed to the end-user by the manufacturer. *Id.*

The Complaint in this case avoids making any allegation that Arkema — a remote materials supplier having no privity of contract with Just Plastics — owed Just Plastics a duty as a result of some special relationship. Just Plastics had not alleged any "special relationship" with Arkema because there is not one. Rather, just as the parties in *Laticrete* were sophisticated and experienced in their respective business so as to preclude the imposition of a duty on the remote supplier by virtue of a special relationship, Just Plastics touts itself in the Complaint as "a highly regarded fabricator of customized products, precisely the type of product that Just Plastics manufactured for [the end user here]." Complaint ¶ 41. Arkema, on the other hand, did nothing more than supply a component part – *i.e.*, the acrylic sheets – used to make Just Plastics' "customized" vitrines. *Id.* at ¶¶ 5, 8.

Accordingly, because (1) no misrepresentation was made directly to Just Plastics by Arkema, (2) there is no privity between Just Plastics and Arkema, and (3) Just Plastics does not (and cannot) aver the existence of a "special duty" owed to it by Arkema, Count IV of its Complaint must be dismissed.

## CONCLUSION

For the reasons set forth above, the chain of liability that Just Plastics attempts to forge in its Complaint breaks under the weight of the law. Accordingly, defendant Arkema respectfully requests that the Court issue an Order dismissing all of Just Plastics' claims against it with prejudice, together with such other relief that the Court deems just and proper.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

By: [signature]
Ryan P. Farley, Esq. (RF-6984)
One Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1412
(212) 440-4400 - Telephone
(212) 440-4401 - Fax

Steven E. Bizar (SB-1666)
1835 Market St., 14th Floor
Philadelphia, PA 19103
T: (215) 665-8700
F: (215) 665-8760

Dated: July 12, 2007

*Attorneys for Defendant Arkema Inc.*